# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| CHARLES GREGORY COLLINS, | ) | | |
|---|---|---|---|
| Movant, | ) ) ) | | |
| v. | ) ) | Case No. | CV410-277 |
| UNITED STATES OF AMERICA, | ) ) ) | | CR408-315 |
| Respondent. | ) ) | | |

## REPORT AND RECOMMENDATION

Charles Gregory Collins moves, over the government's opposition, for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) He was indicted in 2008 for his participation in a cocaine and marijuana conspiracy. (Cr. doc. 3 (indictment).) Ultimately, he entered a plea of guilty to a lesser included offense of the cocaine conspiracy. (Cr. doc. 835 (plea agreement).) In exchange, the government dismissed the other counts

---

[1] Unless otherwise noted, citations are to the docket in Collins's civil case, CV410-277. "Cr. doc." refers to documents filed under his criminal case, CR408-315. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

against him. (*Id.*) The Court accepted Collins' guilty plea (cr. doc. 562) and sentenced him to serve 157 months' imprisonment, to be served consecutively to any term of imprisonment imposed for committing those violations while still under supervised release for a prior federal conviction for possession with intent to distribute cocaine.[2] (Cr. doc. 827.)

Collins did not appeal his conviction. Instead, he filed a § 2255 motion in this Court alleging ineffective assistance of counsel. (Doc. 1 at 4.) Specifically, he contends that his attorney rendered ineffective assistance at sentencing by failing to argue effectively that the Constitution forbids him from being sentenced as a career offender under the United States Sentencing Guidelines because one of the qualifying felonies relied upon in imposing the career offender enhancement occurred before he reached 18 years of age. (*Id.*)

In addressing Collins' claim for ineffective assistance of counsel, the Court is guided by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which created a two-part test for determining whether counsel

---

[2] He was ordered to serve 18 months' imprisonment for the supervised release revocation. *United States v. Collins*, CR404-135, doc. 46.

performed ineffectively. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 484 U.S. at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. It is generally appropriate to look to counsel's performance throughout the case in making such a determination. *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986). The movant carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Indeed, Collins must show that "'no competent counsel would have

taken the action that his counsel did take.'" *Ford v. Hall*, 546 F.3d 1326, 1333 (11th Cir. 2008), *quoting Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Under the prejudice prong, Collins must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Lightbourne v. Dugger*, 829 F.2d 1012, 1022 (11th Cir. 1987); *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1983).

On his earlier conviction Collins was found guilty of aggravated assault and false imprisonment for his involvement in a drug deal gone bad. (Presentence Investigation Report ("PSI") at 17.) Then 17, he and another man held someone at gunpoint who had tried to pay for a large quantity of crack cocaine with a bag filled with strips of newspaper. (*Id.*) He was sentenced to five years' probation. (*Id.*) In the instant case, his attorney, Michael Schiavone, argued that the Sentencing Guidelines did not permit the Court to apply the career offender

enhancement where one of the predicate convictions occurred before the defendant had reached 18 years of age.[3] (Cr. doc. 1274 at 5-6.) Collins

---

[3] From Collins's sentencing:

MR. SCHIAVONE: Judge, he does want me to. . . . One of the arguments that he's asked me to make is that at the time of the aggravated assault offense, at the commission of that crime, he was 17. I understand the way the guidelines are written, as I understand it, the probation can argue that at the time -- I guess, sentencing and any other events that occurred after he was sentenced, I think he had turned 18 at that time. Obviously, being in the career criminal portion of the guidelines significantly changes where he would have been. Our argument would have been if he had not been a career criminal that under the amounts of cocaine that we believe under the crime lab report, as well as the agent that testified, he would have been level 26, I believe, and then acceptance would have been a level 23, which probably would have put him in a range of 84-to-105 months.

So he does want me to make that argument to the Court, that at the time of that offense he was 17.

THE COURT: Mr. Schiavone, it appears to me that there's not any way to get around the fact that when he was 17 he was convicted for the aggravated assault, and now, being over the age of 18, he's convicted on the drug offense, which does qualify him to be classified as a career offender to determine his level to be a 32 rather than 28. It seems to me that in effect that what you're saying here -- and I don't know whether you're going to say it in mitigation of sentence or not -- that you're saying that his criminal history score outweighs his true criminal history, because you can't get around the fact that he's got those convictions here.

MR. SCHIAVONE: No, I'm certainly not arguing that he was not convicted of those crimes. It's just that I don't -- it's not clear to me that the way the sentencing guidelines are written, it looks to me like you can argue that he would have to have been 18 at the time of the offense to qualify for the career offender. I mean, I'm not saying that I'm right, but I am saying that he was 17 at the time of the offense, and that is there an argument that can be made on his behalf, and he's asked me to make that argument, that because he was not 18 at the time of the offense that shouldn't be considered by probation to make

5

now contends that Schiavone should have raised a slightly different argument. Schiavone, according to Collins, should have argued that the application of the Sentencing Guidelines in this manner violated the Due Process Clause of the Constitution.[4] (Doc. 1 at 4.) He contends that since a defendant must be at least 18 years of age to be charged in a federal tribunal with a felony offense and at least 18 years of age to be sentenced as a career offender, it was unconstitutional to sentence him as a career offender based upon predicate crimes committed at the age of 17. (Doc. 1 at 4; doc. 4 at 3.)

---

him a career criminal, that offense, is the position that I think we're taking, is that --

THE COURT: -- Well, what the PSI says, in Paragraph 27 under the Chapter 4 enhancements under criminal history, that because he's already got a conviction of aggravated assault, which is shown in Paragraph 35 of the PSI, and then since this offense -- not the offense before, but since *this offense* involves controlled substances and the defendant was 18 years or older at the time of its commission -- of this offense, not the prior offense, but this offense, if he's 18 years or older, then he qualifies because of those convictions to be a career offender, not because of the first offense and the age of the first offense. . . . I don't think that there's any cloudy meaning of the guidelines there.

(Cr. doc. 1274 at 5-6 (emphasis added).)

[4] Collins states that this issue *was* raised at sentencing (doc. 1 at 10), but Schiavone only argued that reliance upon the youthful conviction violated the *Guidelines*, not the Constitution. (Cr. doc. 1274.) If Collins intends to reraise the exact same claim raised before the sentencing judge, then his claim still fails for the reasons explained by the government, discussed in text, *infra*.

The government seems to have misconstrued Collins' argument, since it contends that the enhancement was proper under the United States Sentencing Guidelines. (Doc. 3 at 11.) As the government correctly asserts, the Guidelines explicitly permit counting any conviction that is classified as an adult conviction under the laws of the state in which the defendant was convicted. U.S.S.G. § 4B1.2, cmt. n.1; *see e.g.*, *United States v. Allen*, 2011 WL 733483 at *4 (11th Cir. Mar. 3, 2011) (holding that district court did not err in finding that a conviction at 17 counted as an adult conviction in determining whether to apply the career offender enhancement). Here, Collins does not dispute that his predicate conviction was an adult felony conviction under the laws of the State of Georgia. (Doc. 3 at 4.) Instead, he argues that relying on a youthful conviction to enhance his sentence violated his "fundamental rights to due process of law." (Doc. 1 at 4.) As he stresses in his reply, "just because the Guidelines [allow counting that conviction], this does not make [their] application *constitutionally* correct." (Doc. 4 at 3 (emphasis added).)

Collins' Constitutional argument still fails, however. Under this

Circuit's controlling law, it is not a Fifth or Eighth Amendment violation to count convictions occurring before the age of 18 in calculating the career offender enhancement. As explained in *United States v. Wilks*, the Constitution "does not mandate that we wipe clean the records of every criminal on his or her eighteenth birthday." 464 F.3d 1240, 1243 (11th Cir. 2006); *see also Allen*, 2011 WL 733483 at \*5. In *Wilks*, as in this case, it was not constitutional error for the district judge to apply the career offender enhancement to Collins based upon a conviction involving events occurring before the defendant turned 18. *Wilks*, 464 F.3d at 1243 (distinguishing *Roper v. Simmons*, 543 U.S. 551 (2005)).[5] Accordingly, Schiavone did not perform deficiently by failing to raise the argument, nor did that supposed failure prejudice Collins.

---

[5] As explained in *Wilks*, it does not offend the Constitution or United States Sentencing Guidelines to sentence someone as a career offender for a prior youthful offender conviction if the youthful offense "resulted in an adult conviction and a sentence of more than one year and one month" was imposed. 464 F.3d at 1242. Here, Collins was convicted as an adult of aggravated assault and false imprisonment. (PSI at 17.) He was sentenced to 5 years' probation as to each count and served 120-180 days in a probation detention center. (*Id.*) Thereafter, his probation was revoked in full and he served from April 1, 2005 until his sentence expired in April 1, 2006. (*Id.*) Notably, Collins does not argue that a sentence of probation does not qualify as a "sentence" under *Wilks*.

8

For the foregoing reasons, Collins's § 2255 motion (doc. 1) should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 7th day of July, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA